UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EUGENE CHERRY and VALERIE DABEL,

        Plaintiffs,

  v.                                                    Case No. 11-C-1021

WASHINGTON COUNTY SHERIFFS'
DEPARTMENT, et al.,

        Defendants.

## SCREENING ORDER

The pro se plaintiffs in the above matter, one of whom is an inmate in the Wisconsin State Prison System, filed an Amended Complaint. Because one of the defendants is a prisoner seeking relief against a governmental entity, or officer or employee of a governmental entity, the Court must screen the complaint before requiring the defendants to respond. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

Both plaintiffs seek to assert claims under 42 U.S.C. § 1983 arising out of their arrest for burglary in Washington County on November 29, 2010. The amended complaint alleges that a citizen called 911 to report a "suspicious vehicle" being parked in the neighbor's driveway with a white female behind the wheel and two black males walking around to the back of the house. Deputies of the Washington County Sheriff's Department and State Troopers ultimately responded and arrested both the driver of the vehicle, Plaintiff Valerie Ann Dabel, who was seated in the vehicle at the time, and two black males, Plaintiff Eugene L. Cherry and his cousin Steven Turner,

who were walking down the street some distance away. The amended complaint alleges that officers used excessive force and arrested the plaintiffs without probable cause in violation of their Fourth Amendment rights. The complaint also alleges that Dabel was subjected to malicious prosecution and false imprisonment. The complaint goes on to state that the plaintiffs were arrested and accorded "different treatment from that received by other individuals similarly situated" because of the color of Cherry's skin and the fact that Dabel was with "black males." (Am. Compl. ¶¶ 26-27.) Thus plaintiffs have also asserted a claim of racial profiling in violation of the equal protection clause of the Fourteenth Amendment. *See Sow v. Fortville Police Dept.*, 636 F.3d 293, 303 (7th Cir. 2011).

Based upon my review of the complaint, and given the liberal pleading rules that apply to pro se litigants, I conclude that the plaintiff's have stated a number of cognizable claims for relief. They have asserted Fourth Amendment claims for unlawful search and seizure and excessive force. Dabel has also asserted a claim for unlawful detention and malicious prosecution, and both Plaintiffs have asserted an equal protection claim. Defendants who have not already filed a response or answer to the amended complaint shall do so within 20 days. Since the Court had not previously screened the amended complaint, those Defendants who did not previously respond are not in default. Plaintiff's request that they be so found is denied.

**SO ORDERED** this 2nd day of April, 2012.

s/ William C. Griesbach
WILLIAM C. GRIESBACH
United States District Judge